UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAL J. CATALDO,<br><br>Plaintiff,<br><br>-against-<br><br>FIRST SAVINGS BANK,<br>TRANS UNION, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC., and<br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendants. | Case No. 2:26-cv-06273<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Sal J. Cataldo ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendants First Savings Bank ("First Savings"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services LLC ("Equifax") (Trans Union, Experian, and Equifax, collectively, the "CRA Defendants"), and alleges the following upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters:

## PRELIMINARY STATEMENT

1. Plaintiff Sal J. Cataldo seeks to rectify misleading credit reporting that erroneously reflects that he was thirty (30) days past due on his First Savings credit card account for November 2025. Plaintiff participated in an accredited debt management program through which payments were transmitted to First Savings on his behalf. Despite Plaintiff remaining compliant with the program and payments being issued to First Savings, Defendant First Savings

reported Plaintiff as delinquent without providing Plaintiff notice of any alleged missed payment or an opportunity to address the issue. As a result, Plaintiff was improperly deprived of the ability to cure any alleged payment discrepancy, rendering the reported delinquency inaccurate and materially misleading. Plaintiff disputed this inaccuracy with the consumer reporting agencies and requested a thorough investigation and correction of the erroneous information; however, as of this date, the inaccurate reporting remains.

2. Plaintiff brings this action against Defendant First Savings Bank for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), by failing to reasonably investigate the inaccuracy in Plaintiff's credit reporting after, upon information and belief, receiving notice of Plaintiff's disputes from the consumer reporting agencies.

3. Plaintiff further brings this action against the CRA Defendants for violating the FCRA, 15 U.S.C. § 1681 et seq., and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 et seq. Specifically, the CRA Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and failed to conduct reasonable reinvestigations after Plaintiff disputed inaccuracies in his credit reports. Despite Plaintiff providing documentation demonstrating that the alleged delinquency was inaccurate or materially misleading, the CRA Defendants failed to correct and continued reporting the derogatory information, thereby causing Plaintiff substantial harm.

4. Plaintiff further alleges that, as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous derogatory payment information wrongfully listed on Plaintiff's consumer reports caused him to suffer actual damages including, but not limited to, damage to his reputation, adverse impact to his creditworthiness, emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

5. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 et seq., and the NY FCRA, N.Y. GBL § 380 et seq.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a), because those claims form part of the same case or controversy as Plaintiff's FCRA claims.

8. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, including Defendants' reporting of the inaccurate information concerning Plaintiff in this District.

## PARTIES

9. Plaintiff, a natural person, is a resident of the State of New York and Suffolk County, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

10. Defendant First Savings Bank is a bank which, upon information and belief, is chartered under the laws of South Dakota and maintains its principal place of business in South Dakota, and which issues and services consumer credit card accounts held by New York residents, including Plaintiff. First Savings qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary

course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

11. Defendant Equifax Information Services LLC is a Georgia limited liability company duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant Experian Information Solutions, Inc. is an Ohio corporation duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

13. Defendant Trans Union, LLC is a Delaware limited liability company duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

## FACTUAL BACKGROUND

14. Plaintiff is a consumer as defined by the FCRA and, at all relevant times, maintained a First Savings credit card account, opened on or about February 23, 2018, with an account number ending in 4396, which, upon information and belief, First Savings markets under the "Blaze" name.

15. In or about February 2024, Plaintiff enrolled in a debt management program through an accredited debt counseling organization for the purpose of repaying his consumer debts in an organized and timely manner. Pursuant to that program, Plaintiff made regular

monthly payments to the debt management company, which in turn distributed payments to Plaintiff's participating creditors, including First Savings.

16. First Savings agreed to participate in the debt management program and to receive payments directly from the program on Plaintiff's behalf, and the account was closed to new charges in or about February 2024 in connection with Plaintiff's enrollment. As a result of this arrangement, Plaintiff reasonably relied on the debt management program to transmit his monthly payments and ceased receiving routine billing statements directly from First Savings.

17. The debt management program transmitted payments to First Savings on Plaintiff's behalf on a regular monthly basis from in or about March 2024 through July 2025, and Plaintiff remained current on his repayment obligations under the program.

18. In or about November 2025, Plaintiff learned that First Savings had reported his account as thirty (30) days past due to the national consumer reporting agencies, allegedly due to a missed payment in or about August 2025. Specifically, First Savings reported the account as thirty (30) days past due for the month of November 2025.

19. Neither Plaintiff nor the debt management program received any notice from First Savings that a payment had not been received or processed prior to the account being reported as delinquent. Had Plaintiff been timely notified of any issue with the August 2025 payment, Plaintiff would have taken immediate steps to cure the alleged deficiency.

20. Upon investigation, the debt management program confirmed that the August 2025 payment had been issued in a timely manner as part of a batch check sent to First Savings on Plaintiff's behalf and on behalf of other program participants. The program further determined that the check had not been negotiated by First Savings and subsequently issued a replacement payment once the issue was discovered.

21. First Savings' own reporting reflects that it continued to receive and apply payments made through the program after the alleged missed August 2025 payment, including a payment on or about September 30, 2025, and that on or about November 24, 2025, it received a payment of $561 that paid the account in full. The account now reports a $0 balance and a status of paid and closed.

22. Plaintiff disputed the inaccurate delinquency with each of the CRA Defendants in or about December 2025 and January 2026, explaining that the reported delinquency was inaccurate and materially misleading, and providing supporting documentation, including a copy of the batch check that the debt management program timely issued to First Savings for the August 2025 payment.

23. In his disputes, Plaintiff explained, among other things, that he enrolled in the debt management program in February 2024; that First Savings agreed to accept payments through the program; that the program timely mailed the August 2025 payment to First Savings; that neither Plaintiff nor the program was ever notified that the payment had not been received; that First Savings continued to receive payments thereafter; and that, had he been notified of any problem, he would have promptly made the payment. Plaintiff also provided his full name, address, Social Security number, date of birth, telephone number, and email address so that the CRA Defendants could readily identify his file.

24. Defendant Trans Union conducted a reinvestigation of Plaintiff's dispute and, on or about January 2, 2026, reported that it had verified the First Savings tradeline as accurate, and the derogatory information remained on Plaintiff's credit report. Although Trans Union updated several fields of the tradeline—including the pay status, which now reads "Current; Paid or Paying as Agreed"—it continued to report the account as thirty (30) days late for November

2025. Upon information and belief, Trans Union again failed to correct the inaccurate reporting in response to Plaintiff's further dispute, as reflected in its correspondence dated on or about February 11, 2026.

25. Defendant Equifax acknowledged receipt of Plaintiff's dispute, which Plaintiff submitted through his online Equifax account on or about January 4, 2026 (Confirmation No. 6004541110), but failed to conduct a reasonable reinvestigation and instead, by letter dated on or about February 2, 2026—nearly thirty days after receiving the dispute—requested additional identity documentation before processing the dispute, thereby preventing correction of the inaccurate reporting. Equifax's request was unwarranted: Plaintiff submitted his dispute through an Equifax account that Equifax itself had already authenticated, and his dispute materials included his full name, address, Social Security number, and date of birth.

26. Defendant Experian received Plaintiff's dispute and, in reinvestigation results dated February 24, 2026, removed a separate thirty-day late notation it had been reporting for December 2025, but continued to report the account as thirty (30) days past due for November 2025. Experian thus failed to conduct a reasonable reinvestigation sufficient to correct the inaccurate reporting.

27. Moreover, following its reinvestigation, Experian removed from the tradeline the remark "Account payments managed by a financial counseling program," which it had previously reported. Removing that remark rendered the reporting even more misleading, because it deleted the very context explaining why Plaintiff's payments were made through a third party.

28. The reported November 2025 delinquency is also facially inconsistent with the other data the CRA Defendants report for the same account: the account was paid in full in

November 2025, and Trans Union itself reports the account's pay status as current and paid or paying as agreed.

29. As a result of Defendants' conduct, the inaccurate derogatory information remained on Plaintiff's consumer reports and caused Plaintiff to suffer harm including credit denials, receiving offers of credit in inferior terms, damage to creditworthiness, emotional distress, frustration, and expenditure of time and resources.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FCRA, 15 U.S.C. §§ 1681e(b) and 1681i**
*Against the CRA Defendants*

30. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

31. The CRA Defendants each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

32. Such reports erroneously included false and derogatory information associated with the First Savings account.

33. The CRA Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, including by reporting the First Savings account as thirty (30) days past due for November 2025 while simultaneously reporting that the account was paid in full that same month and, in Trans Union's case, that the account was current and paid or paying as agreed.

34. The CRA Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of Plaintiff's disputes regarding the inaccurate and misleading reporting of the First Savings account.

35. The CRA Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding his disputes.

36. The CRA Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the First Savings account from Plaintiff's file after failing to verify the completeness and accuracy of that information.

37. Accordingly, the CRA Defendants are liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for Plaintiff's litigation costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FCRA, 15 U.S.C. § 1681s-2(b)**
*Against First Savings*

38. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

39. After receiving notification of Plaintiff's disputes from the CRA Defendants, Defendant First Savings willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct reasonable investigations of Plaintiff's disputes of the erroneous and derogatory information associated with the First Savings account.

40. Defendant First Savings willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the CRA

Defendants in conducting its investigations of the subject account, including the documentation Plaintiff submitted showing that the August 2025 payment had been timely issued.

41. Defendant First Savings willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(C)–(E) by reporting the results of its investigations as verifying the disputed delinquency, and by failing to modify, delete, or permanently block the reporting of information that was inaccurate, incomplete, or materially misleading.

42. Accordingly, First Savings is liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of its FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NY FCRA**
*Against the CRA Defendants*

43. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

44. The CRA Defendants each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

45. Such reports erroneously included false and derogatory payment information associated with the First Savings account. The CRA Defendants knew, or should have known, that the reports contained inaccurate or materially misleading information, in violation of N.Y. GBL § 380-j(a)(3).

46. The CRA Defendants willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of Plaintiff's disputes of the inaccurate and misleading reporting of the First Savings account.

47. The CRA Defendants willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the First Savings account from Plaintiff's file after failing to verify the completeness and accuracy of that information.

48. The CRA Defendants each published consumer reports regarding Plaintiff containing the erroneous and derogatory payment information associated with the First Savings account, causing Plaintiff to suffer harm, including damage to his credit standing, limitations on credit opportunities, emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

49. Accordingly, the CRA Defendants are liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

50. Plaintiff is further entitled to an injunction requiring the CRA Defendants to remove the erroneous and derogatory payment information associated with the First Savings account from Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award:

(a) actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1) and N.Y. GBL §§ 380-l and 380-m;

(b) statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

(c) punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) and N.Y. GBL § 380-l;

(d) costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) and N.Y. GBL §§ 380-l and 380-m;

(e) injunctive relief as set forth above; and

(f) such other and further relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: October 2, 2026
Oradell, New Jersey

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
550 Kinderkamack Road, Suite 117
Oradell, NJ 07649
(646) 713-1008
kmallon@consumerprotectionfirm.com
Attorneys for Plaintiff